

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| EVANGELINA DENISE HEWITT,<br>           Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>           Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 9:14-03790-MGL<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 8, 2015, Plaintiff filed her objections on October 26, 2015, and Defendant filed her reply to Plaintiff's objections on November 12, 2015. The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB on July 15, 2011, asserting that her disability commenced on February 24, 2011. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on June 25, 2013. Then, on July 26, 2013, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Plaintiff then filed suit in this Court, seeking judicial review of Defendant's final decision denying her claim.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

2

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises two specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Plaintiff argues that the Magistrate Judge erred in suggesting that "the ALJ sufficiently evaluated the claimant's impairments in combination where the decision contained a statement that such a consideration was made and the claimant's impairments were discussed separately in the RFC analysis." Objections 3. Citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989), Plaintiff

3

propounds that the ALJ failed to provide an adequate explanation of his consideration of the combination of impairments and demands reversal on this ground. Objections 3-7.

However, *Walker* was not intended to be used as a trap for the Commissioner; rather, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the ALJ considered the combined effect of a claimant's impairments. *See Green v. Chater*, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. Aug. 14, 1995). Thus, there have been instances in which this Court has affirmed an appeal in which the ALJ could have done a better job explaining his decision because, when the opinion was read as a whole, the Court was able to take the ALJ at her or his word that she or he had properly analyzed the issue. *See, e.g.*, *Sims v. Colvin*, Civil Action No. 0:14-1663-MGL-PJG, 2015 WL 5525096, at *6 (D.S.C. Sept. 17, 2015) ("[T]he Court is satisfied that, when the ALJ's opinion is read as a whole, it is clear that he considered the combined effect of Plaintiff s combined impairments."). Further, the Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Additionally, to the extent that the ALJ could have done a better job in explaining his decision, "if the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (internal quotation marks omitted). This is such a case. The ALJ's decision, when read as a whole, convinces this Court that he properly considered the evidence of the effect of Plaintiff's combined impairments, "and the ALJ's decision is [so] overwhelmingly supported by the record . . . [that] remanding is a waste of time." *Id.* Hence, because this Court is of the firm opinion that the ALJ properly considered and explained his consideration of Plaintiff's impairments in combination, the Court will overrule Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's residual functional capacity (RFC) analysis was supported by substantial evidence. Objections 7-8. Plaintiff

4

contends that the ALJ's "failure to provide an adequate explanation of how the ALJ came to the conclusion that the Plaintiff would be able to satisfy job performance requirements that clearly exceed her mental capabilities effectively denies the Plaintiff of the opportunity to challenge the same in any meaningful way." *Id.* at 8.

As already noted, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73. The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith*, 99 F.3d at 638. Where, as here, the ALJ discussed medical and nonmedical evidence leading to her RFC assessment for Plaintiff, specifically addressing each of Plaintiff's impairments and giving her every benefit of the doubt as to her subjective complaints, the Court holds that the ALJ's decision was supported by substantial evidence and the ALJ adequately explained the RFC analysis. Therefore, discerning no legal error, and holding that the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule this objection as well.

The Court has considered Plaintiff's other objections, but finds them meritless. Therefore, it will also overrule those objections.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

5

**IT IS SO ORDERED**.

Signed this 17th day of December, 2015, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE